UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:10-CR-118 |
| | § | |
| RUBEN GONZALES | § | |

## ORDER

Ruben Gonzales filed a letter motion for copies of multiple documents at government expense. D.E. 34. For the reasons stated herein, his letter request is DENIED. Gonzales' request is not all together clear, but it appears that he requests a copy of the Petition for Warrant or Summons for Offender Under Supervision (D.E. 26) and a copy of the government's exhibits at sentencing. The government's exhibits were admitted during the supervised release revocation hearing.

Gonzales' supervised release was revoked on January 16, 2015, after he admitted to four separate violations of the terms of his supervised release, 1) a law violation of public intoxication on September 17, 2014, 2) a law violation of public intoxication of September 18, 2014, 3) a law violation of possession and use of a controlled substance, cocaine, on or about September 22, 2014, and 4) failure to comply with the terms of a Battering Intervention and Prevention Program. D.E. 33. He was sentenced to 8 months in the custody of the Bureau of Prisons and 24 months of supervised release. *Id*.

Gonzales qualified for appointed counsel during the underlying criminal proceedings. D.E. 27. The Court finds that he remains indigent.

Even if Gonzales is indigent, an indigent defendant has a statutory right to free court documents *only* in particular circumstances. *See* 28 U.S.C. § 753(f); *United States v. MacCollum,*

426 U.S. 317 (1976). The defendant must establish, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f). Gonzales does not state why he needs the documents. He has nothing pending at this time other than the present motion. Because Gonzales does not have a pending case before this Court, he fails to meet the requirements for court documents at government expense. *See* 28 U.S.C. § 753(f); *see also United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."); *accord United Sates v. Webb*, 109 F.3d 768 (5th Cir. 1997) (per curiam) (Table, designated unpublished) .

The Court DENIES Gonzales' letter motion for documents at government expense (D.E. 34). The Clerk is instructed to send Gonzales information on the cost of the documents he seeks and a copy of the docket sheet.

SIGNED and ORDERED this 20th day of February, 2015.

_____
Janis Graham Jack
Senior United States District Judge